**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JENNIFER WOOD, Individually and on Behalf of all Others Similarly Situated, Plaintiff, | |
| v. | CASE NO.: 3:16-cv-711 |
| FINANCIAL CORPORATION OF AMERICA, Defendant. | |

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff Jennifer Wood ("Plaintiff"), by and through her undersigned counsel, brings this class action lawsuit against Defendant, Financial Corporation of America ("Defendant" or the "Company"), and alleges as follows:

## NATURE OF ACTION

1. This is a class action lawsuit brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. and the Texas Finance Code, § 392.001, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. sec. 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper before this Court pursuant to 28 U.S.C. sec. 1391(b)(2), where the acts and transactions giving rise to Plaintiff's action occurred in this District.

## PARTIES

5. Plaintiff is a natural person, who at all relevant times resided in the State of Texas, County of Rockwall.

6. Plaintiff is allegedly obligated to pay a debt due a creditor other than Defendant, and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Plaintiff's alleged obligation asserted to be owed or due a creditor other than Defendant arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).  Specifically, Plaintiff believes the alleged debt was a debt on a medical procedure.

8. Defendant is a Texas corporation with principal offices situated in Austin, Texas.

9. Defendant may be served through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, TX  78701.

10. At all times relevant hereto, Defendant, on behalf of another unrelated entity, was attempt to collect an account from Plaintiff that was not current nor in good standing with the creditor to whom the account was owed at the time Defendant was attempting to collect it and thus, Defendant is a "debt collector" as defined by 15 U.S.C. 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third party debt collector" as defined by Tex. Fin. Code § 392.001(7).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

11. In the year prior to the filing of this Complaint, Defendant initiated, or caused to be initiated, multiple telephone calls to Plaintiff's telephone line, in an effort to collect from Plaintiff an alleged obligation asserted to be owed or due a creditor other than Defendant, and on multiple occasions left the following message:

> This is a message for Jennifer Wood.  If you are not Jennifer Wood, please hang up or disconnect.  If you are Jennifer Wood, please continue to listen to this

message.  By continuing to listen to this message you acknowledge you are Jennifer Wood.  This is Rayben with Financial Corporation of America.  Please contact me about an important business matter 1-800-880-8200 my extension is 7517. When calling in please reference number 32383090 to expedite your call. Thank you.

12. The messages left on Plaintiff's voicemail were pre-recorded messages.

13. The messages left on Plaintiff's voicemail conveyed information regarding a debt – specifically an account number for the debt and a method by which Plaintiff could call back to address the deficiency - directly to Plaintiff by means of telephone communication and thus were "communications" as defined by 15 U.S.C. § 1692e(2).

14. The messages left on Plaintiff's voicemail did not inform Plaintiff that the communication was an attempt to collect a debt as required by 15 U.S.C. § 1692e(11).

15. Defendant, as a matter of pattern and practice, leaves or causes to be left, voice messages/recordings with and/or for alleged debtors using language substantially similar or materially identical to that utilized by Defendant in leaving, or causing to be left, the above described voice messages for Plaintiff.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within one year before the date of the filing of this Complaint, received a pre-recorded voice message/recording from Defendant in connection with an attempt to collect any purported debt that was incurred primarily for personal, family or household purposes, where the pre-recorded message/recording failed to provide meaningful disclosure of the Defendant's identity, and/or failed to identify that the Defendant was a debt collector, and/or failed to identify that the communication from the Defendant was

an attempt to collect a debt and/or failed to inform the receiver of the message that any information obtained would be used for the purpose of collecting a debt.

17. Excluded from the Class are Defendant, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

18. The proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that the names address of all members of the Class can be identified in business records maintained by Defendant.

19. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Class. Plaintiff has retained counsel experienced and competent in class action litigation.

20. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

21. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on

grounds generally applicable to the entire Class.  Among the issues of law and fact

common to the Class are:

    a.   Defendant's violations of the FDCPA as alleged herein;

    b.   The existence of Defendant's identical conduct particular to the matters at issue;

    c.   The availability of statutory penalties; and

    d.   The availability of attorneys' fees and costs.

**COUNT I:  VIOLATION OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692e(14)**

24. Plaintiff repeats and re-alleges each and every allegation contained in the above

paragraphs.

25. 15 U.S.C. 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means

in connection with the collection of any debt.  Without limiting the general application of

the foregoing, the following conduct is a violation of this section:

* * *

(11)  The failure to disclose in the initial written communication with the consumer and,

in addition, if the initial communication with the consumer is oral, in that initial oral

communication, that the debt collector is attempting to collect a debt and that any

information obtained will be used for that purpose, and the failure to disclose in

subsequent communications that the communication is from a debt collector, except that

this paragraph shall not apply to a formal pleading made in connection with a legal

action.

26. In the above-described messages, Defendant failed to notify Plaintiff that the

communications were from a debt collector calling in an attempt to collect a debt.

27. As such, Defendant violated 15 U.S.C. 1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

**COUNT II:  VIOLATION OF THE TEXAS FINANCE CODE, § 392.304,**

28. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs.

29. Tex. Fin. Codes § 392.304 provides:

(a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

(5) in the case of a third-party debt collector, failing to disclose, except in a formal pleading made in connection with a legal action:

\*\*\*

(B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor;

30. In the above-described messages, Defendant failed to notify Plaintiff that the communications were from a debt collector.

31. As such, Defendant violated Tex. Fin. Codes § 392.304(a)(5)(B) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

WHEREFORE, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 15 U.S.C. § 1692e(11) and Tex. Fin. Code § 392.304(a)(5)(B).

(c) Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00 per class member or $500,000.00 or 1% of Defendant's net worth, whichever is less;

(d) Enjoining Defendant from violation of the Texas Finance Code as described herein pursuant to Tex. Fin. Code § 392.403(a)(1).

(e) Awarding Plaintiff and members of the Class their reasonable costs and attorney's fees incurred in this action, including expert fees, pursuant to 15 U.S.C. 1692k and Tex. Fin. Code § 403(b);

(f) Awarding Plaintiff and the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

(g) Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

28. Plaintiff hereby demands a trial by jury.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
107 N. Goliad, Suite 103
Rockwall, TX  75087
TEL:  682-615-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
Attorney for Plaintiff